IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No. CR 08-872-TUC-CKJ (CRP) |
| ) | |
| vs. ) | |
| ) | ORDER |
| ) | |
| ) | |
| ERASMO GALINDO-GALINDO, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

    Pending before the Court is Defendant's Motion to Dismiss the Indictment. (Doc 34). Defendant is charged with two counts of abusive sexual contact in violation of 18 U.S.C. §§ 2244(a)(5) and (3). Defendant contends the statute under which he is charged requires proof of a sexual act as defined by 18 U.S.C. § 2246. Because the Indictment alleges only sexual contact, not a sexual act, Defendant argues it should be dismissed. For the reasons outlined below, the Court recommends that the District Judge, after her independent review and analysis, DENY Defendant's Motion to Dismiss.

    Defendant's argument is a matter of statutory interpretation. To interpret a statute, courts first look to the plain language of the statute itself. *Singh v. Gonzales*, 499 F.3d 969, 977 (9th Cir.2007). "The statutory language is interpreted by reference to the language itself,

the specific context in which that language is used, and the broader context of the statute as a whole." *Untied States v. Youssef*, 547 F.3d 1090, 1093 (9th Cir.2008) (internal citations omitted).

In the case before this Court, Defendant contends sexual contact in violation of 18 U.S.C. § 2244(a) must involve a sexual act as defined by 18 U.S.C. § 2246. Under that statute, Congress defined a "sexual act" and "sexual contact" as two separate categories of conduct.

A "sexual act" is defined as:

(A) contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however, slight;

(B) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;

(C) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or

(D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person;

18 U.S.C.A. § 2246(2).

"Sexual contact" is defined as:

the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person

18 U.S.C.A. § 2246(3). The two subsections create separate categories of conduct. A sexual act encompasses skin to skin contact, penetration or contact of a minor's genitalia. Sexual contact defines conduct arguably less egregious than a sexual act but broader in nature including contact over clothing.

It follows that the distinction drawn between a sexual act and sexual contact leads to separate statutes that penalize each category of conduct. For instance, 18 U.S.C. §

2243 and 18 U.S.C. § 2241 penalize a sexual act committed under the sets of circumstances outlined in the respective statutes. Statute 18 U.S.C. § 2244 criminalizes sexual contact under the same sets of circumstances outlined in sections 2243 and 2241.

Maintaining the distinction, the penalties for committing a sexual act under the sets of circumstances outlined in 18 U.S.C. § 2243 and § 2441 are more severe than the penalties for having sexual contact under the same sets of circumstances as stated in section 2244. *See* 18 U.S.C. §§ 2244, 2241, 2243 (e.g. The maximum violation for committing a sexual act against minors under 18 U.S.C. § 2243(a) is 15 years. This penalty is more severe than 18 U.S.C. § 2244(a)(3) which provides a maximum sentence of two years for having sexual contact in the same set of circumstances outlined in § 2243).

Defendant is charged with abusive sexual contact under 18 U.S.C. §§ 2244(a)(3) and (5). The subsections of that statute state:

> (a) Sexual conduct in circumstances where sexual acts are punished by this chapter.--Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, or in any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the head of any Federal department or agency, knowingly engages in or causesسexual contact with or by another person, if so to do would violate--
>
> (3) subsection (a) of section 2243 of this title had the sexual contact been a sexual act, shall be fined under this title, imprisoned not more than two years, or both;
>
> (5) subsection (c) of section 2241 of this title had the sexual contact been a sexual act, shall be fined under this title and imprisoned for any term of years or for life.

These subsections do not require a sexual act for a violation of the statute. In fact, if someone committed a sexual act rather than sexual contact under the circumstances described in the statute that person would be charged under section 2243 or 2241, not under section 2244. Section 2244 criminalizes sexual contact under the same sets of circumstances that sections 2243 and 2241 criminalize sexual acts.

- 3 -

If, as Defendant contends, section 2244 required a sexual act, it would be duplicitous and problematic. It would duplicate sections 2243 and 2241 by criminalizing a sexual act under the same sets of circumstances already criminalized by sections 2243 and 2241. Furthermore, Defendant's argument that section 2244 requires a sexual act would provide different penalties for conduct that is already penalized under sections 2243 and 2241. Such an interpretation contradicts the plain language of the statute.

Based on the foregoing, the Magistrate Judge recommends that the District Judge, after her independent review and analysis, DENY Defendant's Motion to Dismiss Indictment. (Doc 34).

Pursuant to 28 U.S.C. § 636(b), any party may serve and file written objections within ten days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. The parties are advised that any objections filed are to be identified with the following case number: **cr-08-872-CKJ**.

DATED this 18th day of December, 2008.

*[signature]*

CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE